**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DE'MORIO JACKSON,** | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-1054 |
| **GOLDOLLER MANAGEMENT SERVICES, LLC, et al.,** | Judge |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants GoldOller Management Services, LLC ("GoldOller" or "the Company"), Elmedin Strikovic ("Strikovic"), Selvedin Cevic ("Cevic"), and Tanisha Sievers ("Sievers") (collectively "Defendants"), by and through their counsel LITTLER MENDELSON, P.C., hereby give notice of the removal of this action from the Franklin County, Ohio Common Pleas Court to the United States District Court for the Southern District of Ohio, Eastern Division. Removal is based on the following grounds:

1. On August 20, 2025, Plaintiff De'Morio Jackson ("Plaintiff") filed a Complaint against Defendants in the Franklin County, Ohio Court of Common Pleas, docketed as Case No. 25CV007076. The court's docket reflects that the Summons and Complaint were sent to Defendants via certified mail on August 21, 2025. The Summons and Complaint were served on Defendant GoldOller on about August 22, 2025, a copy of which is attached as **Ex. 1**. Identical copies of the Summons and Complaint were served on Defendant Strikovic on about August 22, 2025, and on Defendant Cevic on about August 25, 2025. While Defendant Sievers was also served with an identical copy of the Summons and Complaint, she does not recall the specific date of

service, but it could not be earlier than August 21, 2025—the date the court sent the Summons and Complaint via certified mail. No other pleadings or orders have been filed, entered, or served in this action.

2. The Court has subject matter jurisdiction in this case based upon diversity jurisdiction. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the dispute arises between citizens of different states. 28 U.S.C. § 1332. Both requirements for subject matter jurisdiction based on diversity are met in this case as explained below.

<u>**AMOUNT IN CONTROVERSY**</u>

3. The amount in controversy in this action exceeds $75,000, exclusive of interests and costs. Specifically, Plaintiff, who was terminated on June 11, 2024, asserts claims for race discrimination, retaliation, and aiding and abetting unlawful discrimination. (Complaint, ¶¶ 45, 74-101). Plaintiff seeks an award of damages "in <u>excess</u> of $25,000" to compensate him (a) for monetary and/or economic damages including, but not limited to, "loss of past and future income, wages, compensation, job security, and other benefits of employment;" (b) for non-monetary and/or compensatory damages including, but not limited to, "compensation for his mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;" and (c) for harm to his professional and personal reputation and loss of career fulfillment. (Complaint, "DEMAND FOR RELIEF," p. 9) (emphasis added). Plaintiff also seeks an award of punitive damages "in <u>excess</u> of $25,000" and an unspecified award of attorneys' fees. (*Id.*) (emphasis added).

4.      When assessing the amount in controversy the Court must consider the aggregate value of claims for compensatory and punitive damages. *See e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount."). The standard in the Sixth Circuit "does not place upon the defendant the daunting task of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement. Such a burden might well require the defendant to research, state, and prove the plaintiff's claim for damages." *Gafford v. Gen. Elec. Co.*, 997 F.2d 160, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

5.      At the time of his termination, Plaintiff's annual salary was $101,000.12. (Abreu Decl. ¶ 2, **Ex. 2**). Thus, if Plaintiff—who was fired more than a year ago—were to recover lost wages for a single year, that amount would exceed the $75,000 jurisdictional requirement.

6.      Moreover, a court must also consider a plaintiff's request for attorneys' fees when evaluating the amount in controversy. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. App'x 476 (6th Cir. 2014) (finding that attorneys' fees are considered when determining the amount in controversy); *see also Harrell v. Allstate Ins. Co.*, No. 1:11-cv-209, 2011 U.S. Dist. LEXIS 32600, at *9 (N.D. Ohio 2011) ("Ohio law specifically contemplates that attorneys' fees may be awarded against a defendant who has been found liable for punitive damages."). Here, Plaintiff has requested attorneys' fees and if he were to prevail on his claims and demonstrate that Defendants acted willfully or with actual malice, he could recover punitive damages and attorneys' fees in an amount that would easily exceed $75,000.

7. The most useful starting point for determining the amount of a reasonable attorneys' fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lead counsel for Plaintiff, Trisha Breedlove and Paul Filippelli, have been licensed to practice law in Ohio since 2016 and 2017 respectively. An attorney at Littler Mendelson, P.C., who graduated from law school in 2016 and practices in Ohio, bills at a local hourly rate of about $440 per hour. Assuming Plaintiff's counsel prepared pleadings, drafted and responded to discovery requests, reviewed and analyzed Defendant GoldOller's document production, prepared for and took multiple depositions, prepared and defended their client's deposition, opposed summary judgment, and prepared for and conducted a multi-day trial (including drafting and filing pre-trial motions), it is not unreasonable to assume Plaintiff's counsel would spend at least 180 hours on the case. At a rate of approximately $440/hour, their reasonable attorneys' fees would be at least $79,200. Thus, taking Plaintiff's demand for monetary damages, non-monetary damages, punitive damages, and attorneys' fees together, "it is more likely than not that Plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

## CITIZENSHIP OF THE PARTIES AND FRADULENT JOINDER

8. In the Complaint, Plaintiff alleges that he is a resident of Franklin County, Ohio. (Complaint, ¶ 1).

9. Plaintiff alleges that GoldOller "is a foreign limited liability corporation that does business at 5500 Bilberry Lane, Westerville, Ohio 43081." (*Id.* at ¶ 2). However, a limited liability corporation's citizenship is determined by the citizenship of its members, not where it does business. *See Akno 1010 Market St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) ("A limited liability company (commonly known as an 'LLC') has the citizenship of its

members and sub-members."). The members and sub-members of GoldOller, LLC and their respective states of residence are as follows: Richard Oller, Executive Chairman (resident of Florida and Pennsylvania), 33.33% ownership; Jason Hollinger, CEO (resident of Florida and Pennsylvania) 33.33% ownership; Dakota Court Partners, 33.33% ownership. (Abreu Decl., ¶ 3). The members of Dakota Court Partners are: Susan Goldstein, Managing Partner (resident of New York), 33.33% ownership; Joshua Goldstein, Managing Partner (resident of New York), 33.33% ownership; ZLG Holdings, LLC, 33.33% ownership. ZLG Holdings, LLC's sole member is Zachary Goldstein, Managing Partner (resident of New York), 100% ownership. (*Id.*). Given that none of the members of Defendant GoldOller LLC are residents of the state of Ohio, they are all diverse from Plaintiff.

10. Plaintiff alleges that Defendant Strikovic is a resident of the state of Florida. (Complaint, ¶ 7).

11. Plaintiff alleges that Defendant Cevic is a resident of the state of Georgia. (*Id.* at ¶ 8).

12. Plaintiff alleges that Defendant Sievers is a resident of the state of Ohio. (*Id.* at ¶ 9). However, Sievers has been fraudulently joined. In the Sixth Circuit, fraudulent joinder of a non-diverse defendant will not defeat removal based on diversity. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Fraudulent joinder occurs where a complaint names a party against which there is no colorable cause of action. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011).

13. Plaintiff alleges Ohio law claims against Sievers for retaliation in Count II and aiding and abetting unlawful discrimination in Count III, but Plaintiff never identifies any alleged conduct by Sievers giving rise to either claim. For example, Plaintiff does not allege that he

5

complained to Sievers that anyone at GoldOller was referring to him as "crnjo," which he alleges is the Bosnian equivalent to the "n" word in English. (Complaint, ¶¶ 32, 37). Rather, Plaintiff alleges he made this complaint to his supervisor, Cevic. (*Id.* at 32, 34). He further alleges that "Cevic and Strikovic were retaliating against him for reporting the use of 'crnjo" in the workplace," not Sievers. (*Id.* at ¶ 51). Thus, even construing the allegations in Plaintiff's favor, he has not alleged a colorable claim for retaliation against Sievers. *See e.g., McCann v. Illinois Tool Works Inc.*, No. 1:25-cv-648, 2025 WL 1928876, at *3 (N.D. Ohio July 14, 2025) (where plaintiff did not plead allegations to show any causal connection between her complaint of racial slurs to another manager—and not the individual defendant—and her subsequent termination, she did not allege sufficient facts to establish a claim of retaliation against the individual defendant who was fraudulently joined).

14. Plaintiff also has not alleged any facts to show that Sievers aided and abetting GoldOller's alleged unlawful termination of Plaintiff. Plaintiff alleges Sievers was "present for [his] termination meeting." (Complaint, ¶ 46). But Plaintiff does not allege that Sievers made the decision to terminate him. Plaintiff alleges he "encouraged" Sievers to reconsider his termination, but Sievers refused to do so. (*Id.* at ¶¶ 50-51). However, Plaintiff does not allege Sievers had the authority to override a decision she is not alleged to have made. Therefore, if GoldOller's termination of Plaintiff amounts to race discrimination as he alleges, Plaintiff has not alleged any facts upon which Sievers could be found personally liable to him for aiding and abetting GoldOller's alleged unlawful conduct.

15. The language of ORC § 4112.02(J)—the statute upon which Count III of Plaintiff's Complaint is premised—bases a person's liability on that person actually facilitating another's active violation of ORC Chapter 4112. *See Pittman v. Parillo*, 6th Dist. No. L-16-1140, 2017 WL

1422891, at *18-19 (Apr. 21, 2017) (defendants who did not actively participate in, or otherwise facilitate, sexual harassment not liable under ORC 4112.02(J)). *See also Chulsky v. Golden Corral Corp.*, 583 F. Supp.3d 1059, 1088 (S.D. Ohio 2022) (Cole, J.) (noting federal courts in Ohio have interpreted ORC § 4112.02(J) to provide for individual liability only where that individual was involved in or actually made the decision to discrimination or retaliate against the plaintiff, and dismissing aiding and abetting claim where plaintiff did not allege individual defendant was "involved in or actually made" the employment decisions in question); *Martcheva v. Dayton Bd. Of Educ.*, 2021-Ohio-3524, 179 N.Ed.3d 687, ¶ 74 (2d Dist.) (under Ohio law, to aid and abet, a person must "actively participate in, or otherwise, facilitate, another's discriminatory violation of R.C. 4112.02."). Because Plaintiff has not alleged that Sievers was involved in or actually made the decision to terminate his employment (or to retaliate against him), there is absolutely no factual basis upon which Sievers could be held personally liable to Plaintiff for aiding and abetting GoldOller's alleged unlawful termination of, or retaliation against, Plaintiff. *See McCann*, 2025 WL 1928876, at * 4 (finding individual defendant was fraudulently joined where "[t]he complaint is devoid of any facts or details that would support such a claim" against the individual defendant).

16.     A case may be removed to federal court if the non-diverse party has been "fraudulently joined." *Casia v. Wal-Mart Stores, Inc.*, 655 F.3d 429 (6th Cir. 2012). A party has been fraudulently joined if there is no claim against that party under state law based on the facts alleged. *Id.* at 432-433. The court's focus in on whether the plaintiff has a "colorable basis" for "predicting" that the plaintiff may recover against that party. *Id.* at 433. A party has been fraudulently joined if there is "no reasonable basis in law or fact for the claims asserted." *Makoski v. Zimmer Holdings, Inc.,* 538 F. Supp.3d 757, 761 (N.D. Ohio 2021). As demonstrated above, there is no reasonable basis upon which Plaintiff could recover from Sievers for aiding and abetting

unlawful conduct based on the allegations in Plaintiff's Complaint. *See e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, she was fraudulently joined, her citizenship should be disregarded for purpose of establishing the Court's diversity jurisdiction, and she should be dismissed from this action. *See West v. Visteon Corp.*, 367 F.Supp.2d 1160, 1165 (N.D. Ohio 2005) (where parties are fraudulently joined, they are dismissed from the lawsuit).

17.     Because Plaintiff brought his Complaint in the Franklin County, Ohio Court of Common Pleas, the Eastern Division of the United States District Court for the Southern District of Ohio is the proper forum for removal under 28 U.S.C. § 115(b)(1) and § 1441(a).

18.     Fewer than thirty days have elapsed since Defendants were served with the Summons and Complaint, which were served between August 22 and August 25, 2025.  28 U.S.C. § 1446(b).

19.     True and correct copies of this Notice of Removal, with accompanying exhibits, and a Notice to State Court of Removal are being served upon Plaintiff and will be filed with the Clerk of the Franklin County, Ohio Common Pleas Court promptly after the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

20.     This Notice of Removal has been signed by counsel for Defendants, in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully remove this action from the Franklin County, Ohio Court of Common Pleas to this Court in accordance with the foregoing statutory provisions.

Dated:  September 15, 2025

Respectfully submitted,


*/s/ Angelique Paul Newcomb*

Angelique Paul Newcomb, Bar No. 0068094
anewcomb@littler.com
Devon Alexander, Bar No. 98814
dealexander@littler.com
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, Ohio 43215
Telephone:    614.463.4201
Facsimile:    614.221.3301

Attorneys for Defendants
GOLDOLLER MANAGEMENT SERVICES,
LLC, ELMEDIN STRIKOVIC, SELVEDIN
CEVIC, and TANISHA SIEVERS

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 15th day of September 2025, the foregoing *Defendants' Notice of Removal* has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and parties may access the document through the Court's electronic filing system.

In addition, I hereby certify that on this 15th day of September, 2025, a copy of the foregoing was served via email upon Plaintiff's counsel at the following:

> Paul Filippelli, Esq.
> Trisha M. Breedlove, Esq.
> Patrick Aguilar, Esq.
> SPITZ, THE EMPLOYEE'S LAW FIRM
> 1103 Schrock Road, Suite 307
> Columbus, Ohio 43229
> paul.filippelli@spitzlawfirm.com
> trisha.breedlove@spitzlawfirm.com
> patrick.aguilar@spitzlawfirm.com

> /s/ *Angelique Paul Newcomb*
> An Attorney for Defendants

4931-4990-3460.1 / 073422.1025